Hamilton, J.,
dissenting. I dissent from the judgment in this case for the following reasons:
Plaintiff first brought suit in the municipal court of Cincinnati on a written contract. The petition set up the contract, and the plaintiff relied thereon for recovery. The contract provided for services as attorney to secure a reduction of street assessments, and among other things provided for the payment to the attorney for his services “one-half of the amount saved on said assessment, said attorney to bear all expenses involved in the said litigation.”
The reduction on the assessment was procured, and the attorney brought suit to recover under, this provision of the contract.
The defendant in this case moved to dismiss the cause, and upon consideration the municipal court sustained the motion and dismissed the cause at cost of plaintiff. No further proceedings were taken in that case by plaintiff, and that judgment *318 stands unmodified, unreversed, and is a 'binding judgment on the plaintiff.
Thereupon the plaintiff filed his second suit, which is the case under consideration, in quantum meruit for the same services admittedly rendered under the contract sued upon in the first case. I ■am unable to see how this can be upheld. The subject-matter of the suit was the written contract upon Which plaintiff relied for recovery. He elected to pursue that course and should be bound by that judgment.
In the case of The C., L. & N. Ry. Co. v. Pierson, 18 C. C., 392, the syllabus is:
“A suit can not be maintained upon an express agreement which the plaintiff predicates upon an adjudication in a previous case where recovery was sought upon the same cause of action, but covering a different period of time, the recovery in the former case being upon a quantum meruit based upon an implied contract.”
Above case is simply the reverse of the instant case. In the case now under consideration suit was brought on the express contract, and judgment was rendered, and plaintiff should not now be permitted to pursue his action in another suit in quantum meruit.
In the case of Buchwalter, Admr., v. ClenDening, 17 C. C., N. S., 454, the court holds:
“A plaintiff against whom judgment has been rendered is estopped from prosecuting a second action against the same defendant for the same subject-matter by merely changing the form of the suit.”
*319 In the case at bar litigation was carried on wholly by the parties to this action. The parties in this action who are interested are the same, and the subject of the controversy is the same. The only difference is in the form of the action. Plaintiff having elected to bring this action in the manner he did in the first suit, and it having been decided against him, should be estopped from prosecuting another action of the same subject-matter in another form. Under this view of the case any discussion as to the champertous feature of the contract becomes merely academic.